IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Wayne Warwick,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-14-0022-PHX-SRB (DKD)<br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, U.S. DISTRICT JUDGE:

Jason Wayne Warwick filed a Petition for Writ of Habeas Corpus on January 6, 2014, challenging his convictions in Maricopa County Superior Court for multiple felonies arising out of a murder. His habeas petition raises various arguments about his trial counsel, the State's evidence at trial, and the trial court's rulings and sentencing; he does not argue actual innocence. Respondents contend that Warwick's petition should be denied as untimely. As explained below, the Court recommends that Warwick's petition be denied and dismissed with prejudice.

**BACKGROUND**

On February 26, 1998, at the conclusion of a nine-day trial in the Maricopa County Superior Court, a jury found Warwick guilty of three felonies arising out of the murder of Lewis Tom Whitehill: conspiracy to commit first degree murder; first degree murder, both premeditated murder and felony murder; and burglary, a dangerous offense.

(Doc. 10, Exs. L, LL)[1]   On April 6, 2001, at the conclusion of a two-day aggravation/mitigation hearing, the Court issued a special verdict. (Doc. 10, Exs. M, Z)

On April 6, 2001, the court sentenced Warwick to a mitigated sentence of life without release on any basis until 25 years have been served for the charge of conspiracy to commit first degree murder; a mitigated sentence of life without parole for the charge of first degree murder; and an aggravated sentence of 17 years for the charge of burglary, with all sentences to run concurrently. (Doc. 10, Exs. BB, PPP)

Warwick timely appealed arguing prosecutorial misconduct, trial court error stemming from three different evidentiary rulings, and the constitutional insufficiency of the reasonable doubt jury instruction. (Doc. 10, Exs. CC, DD, EE, FF) The Court of Appeals affirmed his convictions and sentences. (Doc. 10, Exs. GG, SSS) Warwick timely petitioned the Arizona Supreme Court for review. (Doc. 10, Ex. HH) On October 28, 2003, the Arizona Supreme Court denied his petition for review. (Doc. 10, Exs. II, TTT) Warwick did not file a petition for a writ of certiorari to the United States Supreme Court.

On November 10, 2003, Warwick filed a Notice of Post-Conviction Relief in Maricopa County Superior Court.[2] (Doc. 10, Ex. JJ) The Superior Court appointed counsel who, on April 2, 2004, notified the Court that he could not find any claims to raise in post-conviction relief proceedings. (Doc. 10, Exs. KK, LL, MM) The Superior Court set an extended briefing deadline so that Warwick could file a *pro per* Rule 32 petition. (Doc. 10, Ex. NN) Warwick did not file any petition before the Superior

---

[1] Warwick, through counsel, timely moved for a new trial. (Doc. 10, Exs. N, OO) Following briefing, the Superior Court granted the new trial and then denied the State's request for reconsideration. (Doc. 10, Exs. P, Q, R, S) The Arizona Court of Appeals reversed and remanded, and the Arizona Supreme Court denied Warwick's petition for review. (Doc 10, Exs. T, U, V, W, RRR)

[2] Warwick signed the Notice on November 10, 2003, he signed the attached Affidavit of Indigency on November 20, 2003, and the Notice was filed in Maricopa County Superior Court on December 2, 2003. (Doc 10, Ex. JJ at 1, 3, 4) The Superior Court acted as though his Notice was timely filed and Respondents assume that it was, too. (Doc. 10 at 8, Ex. KK) *See Houston v. Lack*, 487 U.S. 266, 270-74 (1988); *State v. Rosario*, 195 Ariz. 264, 987 P.2d 226 (App. 1999). Because this date is not dispositive to the recommendation in this matter, this Court will also assume that his Notice was timely.

1  Court's May 24, 2004 deadline; on June 7, 2004, the Superior Court dismissed
2  Warwick's Rule 32 proceeding. (Doc 10, Ex. OO)

3        Successive Rule 32 Petitions. In November 2007 – over three years after the
4  Superior Court dismissed his Rule 32 proceeding – Warwick filed a Notice of Post-
5  Conviction Relief in Maricopa County Superior Court arguing ineffective assistance of
6  trial, appellate, and post-conviction counsel. (Doc. 10, Ex. PP) On January 8, 2008, the
7  Court dismissed his Notice because Warwick's ineffective assistance of counsel claim
8  should have been raised in his first Rule 32 petition and could not be raised in an
9  untimely Rule 32 proceeding. (Doc. 10, Ex. QQ) Warwick moved for reconsideration
10 and the Superior Court denied his motion. (Doc. 10, Exs. RR, SS) Warwick then filed
11 two additional motions and, in June 2008, the Superior Court denied them both. (Doc.
12 10, Exs. TT, UU, VV)

13        In March 2012 – over four years after the Superior Court dismissed his previous
14 Notice – Warwick filed two Notices of Post-Conviction Relief arguing that significant
15 changes in the law would probably alter the outcome of his convictions or sentences, if
16 they were applied to him. (Doc. 10, Exs. WW, XX) On April 9, 2012, the Court
17 dismissed his Notice because he failed to state a claim for which relief can be granted in
18 an untimely Rule 32 proceeding. (Doc 10, Ex. ZZ) Specifically, the Court found that
19 *Ring v. Arizona*, 536 U.S. 584 (2002), did not apply to Warwick because he had not been
20 sentenced to death. (*Id.*) The Court found that *Blakely v. Washington*, 542 U.S. 296
21 (2004), did not apply to Warwick because his convictions were final before *Blakely* was
22 decided and *Blakely* does not apply retroactively. (*Id.*) The Court also found that *State v.*
23 *Donald*, 198 Ariz. 406, 10 P.3d 1193 (App. 2000) (defense counsel required to provide
24 effective assistance when advising a defendant to accept or reject a plea offer); *State v.*
25 *Thompson*, 204 Ariz. 471, 65 P.3d 420 (Ariz. 2003) ("state may use all the circumstantial
26 evidence at its disposal in a case to prove premeditation" in a first degree murder case);
27 and *State v. Dann*, 205 Ariz. 557, 565, 74 P.3d 231, 239 *supplemented*, 206 Ariz. 371, 79
28 P.3d 58 (2003) (jury instruction on premeditation should reflect state's burden to show

actual reflection by defendant), were not significant changes in the law. (*Id.*) Finally, the Court found that any claim under *State v. Donald* could not be raised for the first time in an untimely or successive Rule 32 petition. (*Id.*) Warwick's petition to the Arizona Court of Appeals for review was denied on August 8, 2013. (Doc. 10, Exs. AAA, BBB, CCC)

<u>Petition for Writ of Habeas Corpus.</u>  On January 6, 2014, Warwick filed[3] a Petition for Writ of Habeas Corpus in this Court. (Doc. 1) His Petition argues that his trial counsel provided ineffective assistance during plea negotiations and by conducting an inadequate pre-trial investigation, his aggravated sentence should have been imposed by a jury, the State did not prove every element of the charged crimes beyond a reasonable doubt, and the trial court should have excused a juror for cause but did not. (Doc. 1) Respondents contend that Warwick's Petition is untimely and that he is not entitled to equitable tolling. (Doc. 10 at 12) The Court agrees and recommends that the Petition be denied and dismissed with prejudice.

**Warwick's Petition for Habeas Relief is Untimely.**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2).

On October 28, 2003, the Arizona Supreme Court denied Warwick's petition for review. Accordingly, his conviction became final on January 26, 2004, when the time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *Gonzalez v. Thaler*, 565 U.S. ___, 132 S.Ct. 641, 653-54 (2012). However, on

---

[3] Warwick signed his Petition on January 2, 2014. (Doc. 1 at 12) The difference between the signature date and the filing date is immaterial here.

November 10, 2003, Warwick timely filed a Notice for Post-Conviction Relief which initiated a tolling period. *Isley v. Arizona Dep't. of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) (tolling starts on the date that a Notice is filed under Rule 32 for purposes of 28 U.S.C. § 2244(d)(2)). But he never filed a Petition for Post-Conviction Relief and the Maricopa County Superior Court dismissed his incomplete post-conviction relief proceedings on June 7, 2004. At this point, the tolling period ended and his one year timeframe for filing a habeas petition in this Court began. *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (a "properly filed" first PCR notice tolled AEDPA's one-year statute of limitations until it was summarily dismissed because no petition had been filed).

For over three years after the Superior Court dismissed his incomplete post-conviction relief proceedings, Warwick did not have any proceedings pending in the State courts or in this Court. Accordingly, his one year timeframe expired and, once expired, it could not be revived by subsequent filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (no AEDPA tolling from untimely state post-conviction petitions); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Thus, Warwick's petition is untimely.

**Warwick is Not Entitled to Equitable Tolling.**

Warwick's petition should be denied as untimely unless he can show that he is entitled to equitable tolling. To make such a showing, Warwick must demonstrate both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petitions. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Warwick acknowledges that he filed Notices for Post-Conviction relief in March 2012. (Doc. 13 at 2) However, he never attempts to explain why he failed to file any petition for post-conviction relief in 2004, why he waited over three years between filing his first and second post-conviction petitions, or why he waited over nine years between

the dismissal of his first post-conviction petition and the filing of his habeas petition in this Court. Instead, he seems to argue that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), entitles him to file an untimely petition. (Doc. 13 at 2) However, *Martinez* does not address the limitations bar in Section 2244(d)(2) and it does not excuse an untimely habeas petition. *E.g., Madueno v. Ryan*, 2014 WL 2094189, at *7 (D. Ariz. May 20, 2014); *Marshall v. Ryan*, 2014 WL 710954, at *5 (D. Ariz. Feb. 25, 2014); *Moreno v. Ryan*, 2014 WL 24151, at *5 (D. Ariz. Jan. 2, 2014).

**IT IS THEREFORE RECOMMENDED** that Jason Wayne Warwick's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

. . .

. . .

. . .

Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 15th day of April, 2015.

_____
David K. Duncan
United States Magistrate Judge