NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jason Wayne Warwick,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-14-00022-PHX-SRB<br><br>**ORDER** |

Petitioner Jason Wayne Warwick filed a Petition for Writ of Habeas Corpus by a Person in State Custody on January 6, 2014. On April 15, 2015, the Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied and dismissed with prejudice because the Petition was untimely and because Petitioner is not entitled to equitable tolling. Petitioner filed timely written objections to the Magistrate Judge's Report and Recommendation on May 29, 2015.

The procedural history of this case is set out in the Magistrate Judge's Report and Recommendation and is not disputed by Petitioner. Petitioner was convicted in 2001 of Conspiracy to Commit First Degree Murder, First Degree Murder, and Burglary. His conviction was affirmed on appeal and the Arizona Supreme Court denied his Petition for Review on October 28, 2003. Petitioner filed a timely Notice of Post-Conviction Relief. Counsel was appointed but could not find any claims to raise in post-conviction relief proceedings. Despite given the opportunity to do so, Petitioner did not file a Petition. The state court dismissed his Rule 32 proceedings on June 7, 2004. The one-year statute

of limitations for filing a habeas petition provided in 28 U.S.C. § 2244(d)(2) began to run on the date of that dismissal.  In November 2007 and in March of 2012 Petitioner filed successive Rule 32 petitions in the state court, both of which were denied as untimely.

Petitioner's March 2012 post-conviction proceeding in state court argued that a significant change in the law would probably affect the outcome of his convictions or sentences if applied to him. This alleged ground for relief is accepted under the Arizona Rules of Criminal Procedure from being precluded if not raised in a previous collateral proceeding.  The state court judge who adjudicated the March 2012 petition found that the petition was untimely because there had not been a significant change in the law that would have likely affected the outcome of Petitioner's convictions or sentences.

The Magistrate Judge correctly explained that the one-year statute of limitations for filing a federal habeas petition is statutorily tolled only during the time in which a properly filed application for state post-conviction relief is pending and the limitations period cannot be reinitiated. The one-year statute of limitations expired no later than June 7, 2005.  Even if they had been considered timely by the state court, the 2007 and 2012 successive Rule 32 petitions could not reinitiate the one-year statute of limitations.

The objections filed by Petitioner fail to address the fact that the one-year statute of limitations expired in 2005, more than 2 years before the next filed state petition. Petitioner appears to be under the misimpression that, because his March 2012 petition asserted a change in the law and, therefore, potentially exempted him from the state court time limits on Rule 32 petitions, this could revive the federal statute of limitations. It could not. Even if it could, there would have to have been merit to the claim. The state court expressly found there was not.  Moreover, it is clear that the issues Petitioner attempts to raise in this habeas proceeding, with the exception of his claim in Ground 3 of a *Blakely* violation, are not claims which arose out of any alleged change in the law subsequent to his conviction. Instead they relate to ineffective assistance of counsel regarding plea negotiations (Ground 1), to ineffective assistance of counsel regarding failure to conduct a reasonable pretrial investigation (Ground 2), to a claim that Petitioner

was convicted on less than proof beyond a reasonable doubt (Ground 4) and to a claim that a cause challenge to a trial juror was improperly denied (Ground 5). Only *Blakely v. Washington*, 542 U.S. 296 (2004), was a change in the law, but one that would not affect Petitioner's sentences because, as the state court found, Petitioner's convictions were finally before *Blakely* was decided and *Blakely* does not apply retroactively.

IT IS ORDERED overruling Petitioner's Objections to the Report and Recommendation of the Magistrate Judge. (Doc. 18)

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 15)

IT IS FURTHER ORDERED denying Petitioner's Petition for Writ of Habeas Corpus and dismissing with prejudice. (Doc. 1)

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal because dismissal of the Petition is justified by a plain procedural bar and jurist of reason would not find the ruling debatable.

Dated this 2nd day of July, 2015.

_____
Susan R. Bolton
United States District Judge